UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MICHAEL HILL,

                Plaintiff,

        v.                                 9:06-CV-438
                                                    (FJS/GHL)

DR. CHANLANDR, Coxsackie Correctional
Facility; MARGARET FRANKLIN, Nurse
Administrator, Coxsackie Correctional Facility;
ANNE COLE, Superintendent of Health
Services, Coxsackie Correctional Facility;
JOY ALBRIGHT, Nurse, Coxsackie Correctional
Facility; GLENN S. GOORD, Commissioner of
D.O.C.S.; DOMINIC MATELLO, Superintendent;
M. OLIVER, Correctional Guard, Coxsackie
Correctional Facility; and JIM MEEK,
Grievance Supervisor at Southport,

                Defendants.

---

APPEARANCES

MICHAEL HILL
90-B-732
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871
Plaintiff *pro se*

SCULLIN, Senior Judge

ORDER

Currently before the Court is Plaintiff Michael Hill's amended complaint, *see* Dkt. No. 8, which he filed in accordance with this Court's April 27, 2006 Order, *see* Dkt. No. 7.

Plaintiff filed this action on April 6, 2006. *See* Dkt. No. 1. In his amended complaint, Plaintiff pleads essentially the same claims as those he asserted in *Hill v. Chalanor*, 9:01-CV-18

(LEK/GHL) ("Action 01-CV-18").  The court dismissed that action on March 8, 2006, without

prejudice to refiling, due to Plaintiff's failure to exhaust his administrative remedies.  *See* Action

01-CV-18 at Dkt. No. 117.  The parties in both actions are the same with the exception of Jim

Meek and Brian Schwebler, whom Plaintiff has named as Defendants in his amended complaint

in this action.  Neither of these individuals were Defendants in Action 01-CV-18.

Based upon the express language in the court's March 8, 2006 Order in Action 01-CV-18

and consistent with the reasoning and holdings in *Allaway v. McGinnis*, 362 F. Supp. 2d 390,

393-94 (W.D.N.Y. 2005) (finding that "[d]ismissal of an action without prejudice for failure to

exhaust administrative remedies, . . ., is precisely the type of termination subject to the safety net

created by C.P.L.R. 205(a)" (citations omitted)), and *Cole v. Miraflor*, No. 02 Civ. 9981, 2006

WL 457817, *7 (S.D.N.Y. Feb. 23, 2006) (finding that the complaint was subject to dismissal

because C.P.L.R. § 205(a)'s six-month tolling provision, which extends the statute of limitations

for six months after an action has terminated if the action was originally timely commenced, had

expired (footnotes omitted)), this Court finds that Plaintiff may proceed with this action.

However, because Mr. Meek and Mr. Schwebler were not defendants in Action 01-CV-18 and

Plaintiff has not set forth any allegations against these two individuals that fall within the

applicable three-year statute of limitations which this Court addressed in its April 27, 2006

Order, the Court dismisses Mr. Meek and Mr. Schwebler, without prejudice, as Defendants in

this action.

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that Defendants Meek and Schwebler are **DISMISSED WITHOUT**

**PREJUDICE** as Defendants in this action; and the Court further

**ORDERS** that the Clerk of the Court shall issue summonses and forward them, along with copies of the amended complaint, to the United States Marshal for service upon Defendants, together with a copy of this Order.  The Clerk of the Court shall also forward a copy of the summons and amended complaint, together with a copy of this Order, by mail to the Office of the Attorney General for the State of New York; and the Court further

**ORDERS** that Defendants or their counsel shall file a formal response to Plaintiff's amended complaint in compliance with the Federal Rules of Civil Procedure subsequent to service of process on Defendants; and the Court further

**ORDERS** that the parties shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367.  A party shall accompany any paper that it sends to the Court or the Clerk of the Court with a certificate setting forth the date on which that party mailed a true and correct copy of the same to all opposing parties or their counsel.  The Clerk of the Court shall return, without processing, any letter or document that the Court or the Clerk of the Court receives which does not include a certificate of service that clearly states that the party has served an identical copy of the same upon all opposing parties or their counsel.  Plaintiff shall also comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action.  In addition, all motions must comply with this District's Local Rule 7.1, and the parties are to make any such motions returnable before the assigned Magistrate Judge on any business day with proper allowance for notice as the Rules require.  The Court will decide all motions on submitted papers, without oral argument, unless the Court orders otherwise.  Finally, **Plaintiff is required**

**to notify the Clerk's Office promptly of any change in his address; his failure to do so will**

**result in the dismissal of this action**; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Order on Plaintiff.

**IT IS SO ORDERED.**

Dated:  June 8, 2006
         Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge