UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------
MICHAEL HILL,

                         Plaintiff,

                v.                                            9:06-CV-438
                                                                   (FJS/GHL)

DR. CHANLANDR, Coxsackie Correctional
Facility; *et al.*,

                         Defendants.
-----------------------------------------------------------------------------

**APPEARANCES:**                   **OF COUNSEL:**

MICHAEL HILL
90-B-732
Plaintiff, *pro se*

HON. ANDREW M. CUOMO          CHARLES J. QUACKENBUSH, ESQ.
Office of the Attorney General
State of New York
Department of Law
The Capitol
Albany, New York 12224

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

      Presently before the Court is a Motion to Compel Discovery filed by Michael Hill ("Plaintiff" or "Hill").  Dkt. No. 26.  Defendants have filed an Memorandum in Opposition to the Motion.[1]  Dkt. No. 29.  Plaintiff filed a Reply.  Dkt. No. 30.

      Plaintiff brings this Motion to compel Defendants to respond to discovery demands that were served on the Defendants on or about October 6, 2006.  The demands include Requests for Interrogatories and Production of Documents, and Requests for Admissions.  Dkt. No. 26.  From the papers before the Court, it appears that Defendants have not served any responses to the

---

[1] Pursuant to Local Rule 7.1(a) counsel should have also filed a supporting affidavit with his response in opposition to this Motion.

demands. Plaintiff alleges there has been no communication from Defendants' counsel with respect to these demands. Dkt. No. 30.

Defendants' Memorandum of Law states "The defense began work to gather responsive materials and prepare appropriate objections. That work continues." Dkt. No. 29, page 3. From the papers before this Court, it does not appear that Defendants' counsel ever sought the consent of Plaintiff, nor leave of this Court, to extend the response deadlines for these discovery demands that have been pending for at least five months. Displaying significant chutzpah, Defendants' sole response to this Motion is that it should be denied because Plaintiff failed to comply with the Local Rules and confer in good faith before bringing the Motion.[2] Dkt. No. 29. At this point, and in light of Defendants' failure to even acknowledge these demands until this Motion was filed, it is not clear to this Court that conferral would have been productive.

Accordingly, Plaintiff's Motion to Compel will be granted. Defendants shall respond to the discovery demands they received from Plaintiff on our about October 6, 2006 within **thirty (30) days** from the filing date of this Order.

In addition, Counsel is reminded of his obligation to timely respond to proceedings in this Court, including the exchange of discovery. **In any future action pending before this Court, counsel shall either secure the written consent of the parties or their counsel to extend discovery response deadlines, or, request an extension of time to respond to discovery from this Court**. Both parties are reminded of their obligations to comply with the Local Rules of

---

[2] Counsel also states that he is trying to ascertain what documents may have been produced to Plaintiff in prior litigation. However, such prior production will not relieve Defendants from complying with discovery requests in this action. This is especially true in light of Plaintiff's status as an incarcerated *pro se* plaintiff whose ability to control the retention of records and documents is not solely within his control.

Practice for the Northern District of New York.

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Compel (Dkt. No. 26) is GRANTED.  Defendants shall respond to the discovery demands they received from the Plaintiff on our about October 6, 2006 within **thirty (30) days** from the filing date of this Order.  **No extensions of this deadline shall be granted absent a showing of extraordinary circumstances**.  Any prior production of documents in other actions shall not relieve Defendants from complying with discovery requests in this action, and it is further

ORDERED, that in any future action pending before this Court, counsel shall either secure the written consent of the parties or their counsel to extend discovery response deadlines, or, request an extension of time to respond to discovery from the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: April 9, 2007
      Syracuse, New York

                                                      George H. Lowe
                                                      United States Magistrate Judge