UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL HILL,

              Plaintiff,

v.                                                                              9:06-CV-438
                                                                                (FJS/GHL)
DR. CHALANOR, Coxsackie Correctional
Facility; *et al.*,

              Defendants.
_____

APPEARANCES:                                              OF COUNSEL:

MICHAEL HILL, 90-B-0732
  Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. ANDREW M. CUOMO                          CHARLES J. QUACKENBUSH, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
Department of Law
The Capitol
Albany, N.Y. 12224

GEORGE H. LOWE, UNITED STATES MAGISTRATE JUDGE

**ORDER**

    Currently pending before the Court in this action are two motions by Plaintiff: (1) a motion for the Court to accept his April 6, 2007 appeal of my decision of March 30, 2007 (which appeal is contained on the docket at Dkt. No. 32) as his cross-motion to file a second amended complaint; and (2) a second motion for the appointment of counsel (the first motion having been filed on April 6, 2006). Dkt. No. 49. For the reasons stated below, I deny both motions.

I.  **MOTION TO ACCEPT APPELLATE PAPERS AS CROSS-MOTION TO AMEND**

Plaintiff has failed to show good cause in favor of granting his motion for the Court to accept his April 6, 2007 appeal of the Court's decision of March 30, 2007 as his cross-motion to file a second amended complaint.

First, along with the instant motion, Plaintiff has also submitted a cross-motion for leave to file a second amended complaint, which I have directed the Clerk's Office to accept for filing. Furthermore, Plaintiff has pointed to no relevant arguments or factual assertions contained in the appellate papers in question that are not contained in the aforementioned cross-motion. Thus, Plaintiff has failed to demonstrate a need for the Court to consider Plaintiff's April 6, 2007 appeal of the Court's decision of March 30, 2007 as his cross-motion to file a second amended complaint

Second, consideration of the aforementioned appellate papers in question would, if anything, greatly confuse matters since those appellate papers contain a proposed amended pleading that differs in several respects from the proposed amended pleading that is the subject of his cross-motion to file a second amended complaint.

II.  **MOTION FOR APPOINTMENT OF COUNSEL**

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 [2d Cir. 1986]).  This is not to say that all, or indeed any, of these factors are controlling in a particular case.  Rather, each case must be decided on its own facts.  *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61).

Plaintiff's motion is not accompanied by any documentation that substantiates his efforts to obtain counsel from the public and private sector, as it must be.  *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989).

Furthermore, even if Plaintiff's motion were accompanied by such documentation, I would deny that motion.  This is because a review of the file reveals that (1) the case does not present novel or complex issues and (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action.  For example, on February 5, 2007, Plaintiff filed a motion to compel discovery, which, after Plaintiff persuasively briefed the motion, was granted by the Court on April 9, 2007.  (*See* Dkt. Nos. 26, 30, 33.)  While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial, as is the case in many actions brought under 42 U.S.C. § 1983 by pro se litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F. Supp. at 974.

<u>Furthermore, it is highly probable that this Court will appoint trial counsel at the final pretrial conference</u>.  Finally, this Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to accept his April 6, 2007 appeal of the Court's decision of March 30, 2007 as his cross-motion to file a second amended complaint is **<u>DENIED</u>**; and it is further

**ORDERED** that Plaintiff's second motion for appointment of counsel is **<u>DENIED</u>**. Plaintiff may file a third motion for appointment of counsel only if he can demonstrate that, in light of **<u>SPECIFIC CHANGED CIRCUMSTANCES</u>**, consideration of the above factors warrants the granting of such an application.

Dated: June 6, 2007
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge