UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL HILL,

             Plaintiff,

v.                                             9:06-CV-0438
                                              (FJS/GHL)
DR. CHALANOR, Coxsackie Correctional
Facility; *et al.*,

             Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

MICHAEL HILL, 90-B-0732
  Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. ANDREW M. CUOMO                 ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c) of the Local Rules of Practice for this Court.

      Currently pending before the Court are the following four motions: (1) Defendants' motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief

may be granted (Dkt. No. 37, filed on 4/19/07); (2) Plaintiff's cross-motion for summary judgment (Dkt. No. 40, filed on 5/4/07, and held in abeyance by my Order of 5/22/07, *see* Dkt. No. 44); (3) Plaintiff's cross-motion for leave to file a Second Amended Complaint (Dkt. No. 47, filed on 5/31/07); and (4) Defendants' request that the Court (a) accept Plaintiff's Second Amended Complaint for filing, (b) deny *without prejudice* both Defendants' motion to dismiss and Plaintiff's cross-motion for summary judgment, (c) grant Defendants leave to file a renewed motion to dismiss (addressing the previous and new allegations set forth in Plaintiff's Second Amended Complaint), and (d) hold in abeyance the responsive briefing with respect to any cross-motion for summary judgment brought by Plaintiff until Defendants' renewed motion to dismiss has been decided (Dkt. No. 55, filed 6/25/07).

    For the reasons, set forth below, I grant Plaintiff's (non-dispositive) cross-motion for leave to file a Second Amended Complaint. I also grant Defendants' (non-dispositive) request for leave to file a renewed motion to dismiss (addressing both the old and new allegations set forth in Plaintiff's Second Amended Complaint), and their request to hold in abeyance the responsive briefing with respect to any renewed cross-motion for summary judgment filed by Plaintiff until Defendants' renewed motion to dismiss has been decided. Finally, I recommend that the Court deny *without prejudice* both (1) Defendants' original motion to dismiss Plaintiff's Amended Complaint for failure to state a claim, and (2) Plaintiff's original cross-motion for summary judgment.

I.     **PLAINTIFF'S CROSS-MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff is proceeding *pro se* in this prisoner civil rights action and should be afforded a certain amount of special leniency due to his (presumed)[1] lack of familiarity with the Court system and the litigation process. Furthermore, Defendants have not opposed Plaintiff's cross-motion for leave to file a Second Amended Complaint. (Dkt. No. 55.)

When a motion is not opposed, the moving party bears *a lightened burden*. *See* N.D.N.Y. L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as required by this Rule shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown.") Here, I find that Plaintiff has met that lightened burden, for the reasons stated in his motion papers, particularly his assertion that he was able to learn of facts giving rise to his new allegations only after the Court granted his motion to compel discovery from Defendants on April 9, 2007. (Dkt. No. 47, Part 1, ¶¶ 3-4 [Plf.'s Cross-Motion to Amend.]; *see also* Dkt. No. 33 [Order, filed 4/9/07].)

I hasten to emphasize, however, that I have formed no conclusion whatsoever about

---

[1] I note that Plaintiff has filed a half-dozen other federal court *pro se* prisoner civil rights actions. He appears to have earned two "strikes" before filing his *in forma pauperis* application in this action. *See Hill v. Graham*, 00-CV-1688, Order of Dismissal (N.D.N.Y., filed Nov. 27, 2000) (Kahn, J.) (dismissing Plaintiff's *pro se* prisoner civil rights action *sua sponte* for failure to state a claim, and expressly noting that the dismissal was a "strike" for purposes of 28 U.S.C. § 1915[g]); *Hill v. Pataki*, 05-CV-6095, Decision and Order (W.D.N.Y., filed July 16, 2005) (Skretny, J.) (dismissing Plaintiff's *pro se* prisoner civil rights action *sua sponte* for failure to state a claim pursuant to 28 U.S.C. § 1915[e][2][B][ii] and 1915A, and certifying that any appeal therefrom would not be taken in good faith).

whether or not any of the claims set forth in Plaintiff's proposed Second Amended Complaint state a claim upon which relief may be granted. (Dkt. No. 47, Part 2 [Plf.'s Proposed Second Am. Compl.].) I note that Defendants, while "hav[ing] no objection to accepting the proposed complaint for filing," have expressly stated that they "believe that many of the same objections in points of law that vitiate . . . plaintiff's [first] amended complaint as filed also apply to plaintiff's proposed second amended complaint." (Dkt. No. 55.)

 Moreover, I acknowledge that, pursuant to the Prison Litigation Reform Act, the Court has a duty to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, I find that grounds exist to delay this "screening" review until after Defendants have renewed their motion to dismiss. These grounds include the somewhat complex procedural nature of this case, Defendants' familiarity with Plaintiff's claims, and the fact that the Court would be working at a significant disadvantage if it attempted *sua sponte* to review the pleading sufficiency of Plaintiff's claims without the benefit of Defendants' legal arguments (which, apparently, have already been formulated).

 For all of these reasons, I grant Plaintiff's cross-motion for leave to file a Second Amended Complaint. (Dkt. No. 47.) The Clerk of the Court is directed to file Plaintiff's Second Amended Complaint (Dkt. No. 47, Part 2) as a new docket entry. Plaintiff is advised that the deadline by which to file amended pleadings in this action has now passed. Moreover, he is reminded that (largely due to the extraordinary leniency that has been afforded to him) this case has been pending since April 6, 2006, without the operative pleading in this action (i.e., his

Second Amended Complaint) having yet been served on Defendants. As a result, <u>no further amendments will be permitted by Plaintiff absent a showing of special circumstances</u>.

II. **DEFENDANTS' REQUEST FOR (1) LEAVE TO FILE A RENEWED MOTION TO DISMISS, AND (2) AN ORDER STAYING DECISION OF ANY RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT FILED BY PLAINTIFF**

For the reasons stated in their letter-request of June 25, 2007 (Dkt. No. 55), I find that Defendants have, under the circumstances, shown cause for their request for leave to file a renewed motion to dismiss (a request that Plaintiff has not opposed during the eight months since the filing of the request). Accordingly, the Pretrial Scheduling Order in this action (Dkt. No. 25) is hereby amended as follows: the deadline for the filing of dispositive motions is extended to March 21, 2008.

Similarly, I find that Defendants have, under the circumstances, shown cause for their request for an Order holding in abeyance the responsive briefing with respect to any renewed cross-motion for summary judgment filed by Plaintiff until Defendants' renewed motion to dismiss has been decided (a request that Plaintiff has also not opposed during the eight months since the filing of the request). In particular, Defendants are correct that I previously granted a stay with regard to the briefing schedule on Plaintiff's original cross-motion for summary judgment. (Dkt. No. 44 [Order, filed 5/22/07].) Two of the main reasons that I granted that stay were that (1) Plaintiff himself asserted that he had not yet had an opportunity to complete discovery in this matter, an assertion that he has since repeated (*see* Dkt. No. 56), and (2) time and effort would result in having been wasted if a stay were not granted but the motion to dismiss were granted. Accordingly, should Plaintiff decide to file a renewed cross-motion for summary judgment, he is advised that I will issue an Order holding in abeyance the responsive briefing

with respect to any renewed cross-motion for summary judgment (unless he shows cause for my not doing so).

For these reasons, I grant Defendants' request for leave to file a renewed motion to dismiss (addressing both the old and new allegations set forth in Plaintiff's Second Amended Complaint), and their request to hold in abeyance the responsive briefing with respect to any renewed cross-motion for summary judgment filed by Plaintiff until Defendants' renewed motion to dismiss has been decided (absent a showing of cause by Plaintiff that such a stay would be inappropriate). (Dkt. No. 55.)

### III.  DEFENDANTS' MOTION TO DISMISS

Defendants have argued that the granting of Plaintiff's cross-motion for leave to file a Second Amended Complaint "would moot . . . defendants' motion to dismiss." (Dkt. No. 55.) I agree to the extent that Defendants' original motion to dismiss does not assert legal arguments regarding the new claims asserted in Plaintiff's Second Amended Complaint. (*Compare* Dkt. No. 37, Part 2 [Defs.' Memo. of Law] *with* Dkt. No. 47, Part 2 [Plf.'s Proposed Second Am. Compl.].) Moreover, the net effect of Defendants' legal argument, and their request for leave to file a renewed motion to dismiss, is a withdrawal of their original motion to dismiss.

For all of these reasons, I recommend that the Court deny *without prejudice* Defendants' motion to dismiss. (Dkt. No. 37.)

### IV.  PLAINTIFF'S ORIGINAL CROSS-MOTION FOR SUMMARY JUDGMENT

Defendants have argued also that the granting of Plaintiff's cross-motion for leave to file a Second Amended Complaint "would moot . . . plaintiff's cross-motion for summary judgment." (Dkt. No. 55.) Plaintiff never responded to this argument (i.e., in a reply to Defendants' response

to Plaintiff's cross-motion for summary judgment).[2]

Again, I agree with Defendants to the extent that Plaintiff's cross-motion for summary judgment does not assert legal arguments regarding the new claims asserted in Plaintiff's Second Amended Complaint. (*Compare* Dkt. No. 40 [Plf.'s Memo. of Law] *with* Dkt. No. 47, Part 2 [Plf.'s Proposed Second Am. Compl.].) Moreover, I note that Plaintiff has repeatedly asserted that he had not yet had an opportunity to complete discovery in this matter, suggesting that this case is not yet ripe for adjudication on a motion for summary judgment. (*See* Dkt. Nos. 43, 56.) Indeed, he makes this assertion in the cross-motion for summary judgment itself. (Dkt. Nos. 40, Part 1, at 12-13.) Finally, I note that I have reviewed Plaintiff's motion for summary judgment and have concluded that, at the very least, questions of fact exist on the record presented by Plaintiff (e.g., with regard to whether Defendants possessed the sort of criminally reckless mental state necessary to be found liable for deliberate indifference to a serious medical need). (*See generally* Dkt. No. 40.)

For all of these reasons, I recommend that the Court deny *without prejudice* Plaintiff's original cross-motion for summary judgment. (Dkt. No. 40.)

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's cross-motion for leave to file a Second Amended Complaint (Dkt. No. 47) is **GRANTED**, and that the Clerk of the Court shall file Plaintiff's Second Amended Complaint (Dkt. No. 47, Part 2) as a new docket entry; and it is further

**ORDERED** that Defendants' request for leave to file a renewed motion to dismiss (Dkt.

---

[2] I note that Plaintiff did attempt (unsuccessfully) to file a *sur*-reply (i.e., to Defendants' reply to Plaintiff's response to Defendants' original motion to dismiss). (*See* Dkt. No. 57.)

No. 55) is **GRANTED**, and the deadline for the filing of such a motion is extended to **MARCH 21, 2008**; and it is further

    **ORDERED** that Defendants' request to hold in abeyance the responsive briefing with respect to any renewed cross-motion for summary judgment filed by Plaintiff until Defendants' renewed motion to dismiss has been decided (Dkt. No. 55) is **GRANTED** (pending any showing of cause by Plaintiff why the continuance of such a stay would be inappropriate); and it is further

    **RECOMMENDED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 37) be **DENIED** without prejudice; and it is further

    **RECOMMENDED** that Plaintiff's cross-motion for summary judgment (Dkt. No. 40) be **DENIED** without prejudice.

    Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15 [2d Cir. 1989]); 28 U.S.C. § 636(b); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: February 22, 2008
       Syracuse, New York

                                    George H. Lowe
                                    United States Magistrate Judge