UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL HILL,

                              Plaintiff,

v.                                               9:06-CV-0438
                                                      (GTS/GHL)

DR. ROBERT CHALANOR, Coxsackie
Correctional Facility; MARGARET FRANKLIN,
Nurse Administrator, Coxsackie Correctional
Facility; ANNE COLE, Superintendent of
Health Services, Coxsackie Correctional
Facility; JOY ALBRIGHT, Nurse,
Coxsackie Correctional Facility;
GLENN S. GOORD, Commissioner of
D.O.C.S.; DOMINIC MANTELLO,
Superintendent, Coxsackie Correctional Facility;
and M. OLIVER, Correctional Guard,
Coxsackie Correctional Facility;

                              Defendants.
_____

APPEARANCES:                                  OF COUNSEL:

MICHAEL HILL, 90-B-0732
    Plaintiff, *Pro Se*
Southport Correctional Facility
P.O. Box 2000
Pine City, NY 14871

HON. ANDREW M. CUOMO                    ADELE M. TAYLOR-SCOTT, ESQ.
Attorney General for the State of New York      Assistant Attorney General
    Attorney for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court in this *pro se* prisoner civil rights action filed by Michael Hill ("Plaintiff") are (1) Defendants' motion to dismiss for failure to state a claim upon which relief can be granted (Dkt. No. 67), (2) Plaintiff's cross-motion to amend his Second Amended Complaint (Dkt. Nos. 76, 77), (3) United States Magistrate Judge George H. Lowe's Report-Recommendation recommending that Defendants' motion be granted in its entirety and that Plaintiff's cross-motion be denied (Dkt. No. 78), and (4) Plaintiff's Objections to the Report-Recommendation (Dkt. No. 81). For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, Defendants' motion to dismiss is granted, Plaintiff's cross-motion to amend is denied, and Plaintiff's Second Amended Complaint is dismissed.

**I.    RELEVANT BACKGROUND**

    **A.    Plaintiff's Second Amended Complaint**

On April 6, 2006, Plaintiff filed his original Complaint in this action. (Dkt. No. 1.) On May 4, 2006, Plaintiff filed an Amended Complaint. (Dkt. No. 8.) On February 22, 2008, after being granted permission by the Court, Plaintiff filed a Second Amended Complaint. (Dkt. No. 61.) Liberally construed, Plaintiff's Second Amended Complaint alleges that, between approximately August 29, 2000 and July 21, 2004, while he was incarcerated at Coxsackie Correctional Facility in Coxsackie, New York ("Coxsackie C.F."), his civil rights were violated in the following manner: (1) Defendant Oliver violated his First Amendment rights by retaliating against him for filing complaints; (2) Defendants Oliver, Albright, Franklin, and Chalanor violated his Eighth Amendment rights by exhibiting deliberate indifference to his serious medical needs; (3) Defendants Cole, Mantello, and Franklin violated his Eighth Amendment

rights by failing to protect him from the abuse of the guards, the doctor and other medical staff; and (4) Defendant Goord violated his constitutional rights by having a policy in place that enables the alleged constitutional violations to occur, and by failing to prevent the alleged constitutional violations.

For a more detailed recitation of the allegations set forth in Plaintiff's Second Amended Complaint, the Court refers the reader to the Second Amended Complaint in its entirety.

### B.    The Parties' Current Motions

On April 10, 2008, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 67.)  In their motion to dismiss, Defendants argue as follows: (1) the Eleventh Amendment bars any claims asserted by Plaintiff against the supervisory Defendants in their official capacities; (2) Plaintiff has failed to allege facts plausibly suggesting that Defendants Goord, Franklin, and Montello were personally involved in the alleged constitutional violations; (3) Plaintiff has failed to allege facts plausibly suggesting an Eighth Amendment claim for medical indifference against Defendants Cole, Chalanor and Albright; and (4) Plaintiff's claims against Defendant Oliver are barred by the doctrines of collateral estoppel, res judicata, and the statute of limitations.[1]  (*Id*.)

On May 29, 2008, Plaintiff submitted his response in opposition to Defendants' motion. (Dkt. No. 70.)  In his response, Plaintiff argues as follows: (1) the Eleventh Amendment does not bar his claims against Defendants in their individual capacities; (2) his claims against Defendant Oliver should not be dismissed because Defendants failed to oppose these claims pursuant to

---

[1] For example, Defendants argue that, in Plaintiff's previously filed action, *Hill v. Chalanor*, 01-CV-0018 (N.D.N.Y.) ("Hill I"), Plaintiff asserted, *inter alia*, a claim of retaliation against Defendant Oliver based on events that occurred in August and September of 2000.

Local Rule 7.1(b)(3) of the Local Rules of Practice for this Court; (3) the Second Amended Complaint alleges facts plausibly suggesting that Defendants Goord, Franklin, and Montello failed to protect him from (a) Defendant Oliver's threats, and (b) misconduct by the medical staff; and (4) the Second Amended Complaint alleges facts plausibly suggesting that Defendants Albright, Chalanor and Cole were deliberately indifferent to his serious medical needs. (Dkt. No. 70.)

On June 5, 2008, Defendants submitted their reply to Plaintiff's response. (Dkt. No. 71.) In their reply, Defendants argue as follows: (1) Plaintiff's claims against Defendant Oliver were previously dismissed with prejudice in *Hill I*, and this dismissal was affirmed on appeal; (2) the failure of the supervisory Defendants to respond to Plaintiff's complaints regarding one incident of allegedly threatening behavior does not constitute deliberate indifference; (3) Plaintiff's status as a *pro se* prisoner does not excuse him from having to allege facts plausibly suggesting the occurrence of a constitutional violation; and (4) Plaintiff's arguments regarding absolute and qualified immunity are inapplicable to the motion currently before the Court. (Dkt. No. 71.)

On March 3, 2009, Plaintiff filed a cross-motion to amend his Second Amended Complaint, and submitted a proposed Third Amended Complaint on March 16, 2009. (Dkt. Nos. 76, 77.)

      C.    **Magistrate Judge Lowe's Report-Recommendation**

On June 8, 2009, Magistrate Judge Lowe issued a Report-Recommendation recommending that Defendants' motion be granted, and that Plaintiff's cross-motion to amend be denied. (Dkt. No. 78.) Generally, Magistrate Judge Lowe's recommendation was based on (1) the doctrine of sovereign immunity under the Eleventh Amendment, (2) the failure to allege facts

plausibly suggesting either of the two elements necessary to state an Eighth Amendment claim of deliberate indifference to a serious medical need, (3) the doctrine of res judicata, and (4) the doctrine of limited supervisory liability. (*Id*. at 17-25.) In addition, Magistrate Judge Lowe liberally construed Plaintiff's Second Amended Complaint as asserting three additional claims not addressed in Defendants' motion, which claims he recommended be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2). (*Id*. at 26.) Familiarity with the particular grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for review by the parties.

On July 14, 2009, after being granted an extension of time to do so, Plaintiff timely submitted his Objections to the Report-Recommendation. (Dkt. No. 81.) In his Objections, Plaintiff argues as follows: (1) because he requested declaratory judgment (as well as monetary damages) as relief in his Second Amended Complaint, his claims against Defendants in their official capacities are not barred by the Eleventh Amendment; (2) he alleged facts plausibly suggesting that his rash constitutes a serious medical need, and that Defendants were deliberately indifferent to that medical need; (3) his claims against Defendant Oliver in this action should have been exempted from the doctrine of res judicata pursuant to Fed. R. Civ. P. 60(b), based on the fact that those claims resulted from Plaintiff's receipt of evidence that he did not possess in *Hill I*; and (4) he alleged facts plausibly suggesting that Defendant Cole denied him his due process rights by failing to investigate his grievance. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When specific objections are made to a magistrate judge's report-recommendation, the

Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.   Standard Governing a Motion to Dismiss for Failure to State Claim

Magistrate Judge Lowe correctly recited the legal standard governing a motion to dismiss

---

[2] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), including the standard governing such motions that are not properly opposed by *pro se* litigants. (Dkt. No. 78, at 8-17.) As a result, that standard is incorporated by reference in this Decision and Order.

### III.   ANALYSIS

After carefully reviewing all of the papers herein, including Magistrate Judge Lowe's thorough Report-Recommendation, the Court can find no error (clear or otherwise) in the Report-Recommendation.[4] Magistrate Judge Lowe employed the proper standards governing Plaintiff's claims, accurately recited the facts giving rise to those claims, and reasonably applied the law to those facts. As a result, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety. The Court would add only two points.

The Court's first point regards Plaintiff's argument that, because he requested declaratory judgment (as well as monetary damages) as relief in his Second Amended Complaint, his claims against Defendants in their official capacities are not barred by the Eleventh Amendment. While a claim for declaratory judgment against a defendant survives an Eleventh Amendment analysis, a claim for monetary damages does not. The Court construes Magistrate Judge Lowe's Report-Recommendation regarding the Eleventh Amendment as addressing Plaintiff's claims against Defendants in their official capacities *to the extent those claims request monetary damages*.[5] To

---

[4] The Court finds the vast majority of Plaintiff's Objections to be only general in nature. In addition, Plaintiff failed to raise any objection to Magistrate Judge Lowe's recommendation that (1) Plaintiff's cross-motion to amend his Second Amended Complaint be denied, or (2) Defendants Goord, Franklin, and Montello be dismissed for lack of personal involvement. In any event, the Court notes that Magistrate Judge Lowe's entire Report-Recommendation would survive even a *de novo* review.

[5] The Court notes that this recommendation by Magistrate Judge Lowe was merely an alternative ground for dismissing Plaintiff's official-capacity claims.

the extent Plaintiff's claims against Defendants in their official capacities request declaratory judgment, those claims are patently frivolous in that Plaintiff has alleged no basis for such relief in his Second Amended Complaint. *See Ying Jung Gan v. City of New York*, 996 F.2d 522, 535 (2d Cir. 1993). The Court notes that, when Plaintiff requested a declaratory judgment in his Second Amended Complaint, he was no longer incarcerated at the facility at which the wrongs allegedly occurred (Coxsackie Correctional Facility), but at Southport Correctional Facility.

The Court's second point regards Plaintiff's argument that his claims against Defendant Oliver in this action should have been exempted from the doctrine of res judicata pursuant to Fed. R. Civ. P. 60(b), based on the fact that those claims resulted from Plaintiff's receipt of evidence that he did not possess in *Hill I*. Rule 60(b) of the Federal Rules of Civil Procedure provides, *inter alia*, as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [based on] . . . newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b). However, Fed. R. Civ. P. 60(c)(1) provides that "[a] motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Here, Plaintiff's retaliation claim against Defendant Oliver was dismissed by Visiting District Judge G. Thomas Eisele on June 9, 2004, in *Hill I*; and that dismissal was affirmed in pertinent part by the Second Circuit on June 13, 2005. *See Hill v. Chalanor*, 01-CV-0018, Memorandum Opinion and Order of Dismissal, at 9-10 (N.D.N.Y. filed June 9, 2004) (Eisele, J.); *Hill v. Chalanor*, No. 04-4692, Summary Order, at 4 (2d Cir. filed June 13, 2005). At no

8

point during *Hill I* did Plaintiff move for reconsideration of Judge Eisele's Order of Dismissal. *See generally Hill v. Chalanor*, 01-CV-0018, Docket Sheet (N.D.N.Y.). Rather, in his Objections to the Report-Recommendation recommending dismissal of his claims asserted in the current action ("*Hill II*"), Plaintiff essentially argues that Magistrate Judge Lowe erred in not liberally construing his Second Amended Complaint in *Hill II* as a motion for reconsideration of Judge Eisele's Order of Dismissal in *Hill I*, pursuant to Fed. R. Civ. P. 60(c)(1).

As an initial matter, the liberal construction that Plaintiff requests of his Second Amended Complaint (which mentions neither the word "reconsider" nor Rule 60) would surpass all bounds of special leniency afforded to *pro se* prisoner civil rights litigants.[6] In any event, Judge Eisele's Order of Dismissal in *Hill I* was issued on June 9, 2004 (more than three-and-a-half years before Plaintiff filed his Second Amended Complaint in *Hill II* on February 28, 2008). Moreover, *Hill I* was closed on March 16, 2006 (nearly two years before Plaintiff filed his Second Amended Complaint in *Hill II* on February 28, 2008). For each of these reasons, the Court rejects Plaintiff's argument.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 78) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

---

[6] The Court notes that Plaintiff was not without experience at drafting federal *pro se* prisoner civil rights pleadings by the time he filed his Second Amended Complaint in this action on February 28, 2008, having filed four such actions before then (not including the current action). *See Hill v. Graham*, 00-CV-1688 (N.D.N.Y. filed Nov. 6, 2000); *Hill v. Chalanor*, 01-CV-0018 (N.D.N.Y. filed Jan. 3, 2001); *Hill v. Pataki*, 05-CV-6095 (W.D.N.Y. filed March 7, 2005); *Hill v. Beall*, 06-CV-6568 (W.D.N.Y. filed Nov. 7, 2006).

**ORDERED** that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 67) is **GRANTED** in its entirety; and it is further

**ORDERED** that, in addition to the claims addressed in Defendants' motion to dismiss, the following three claims are *sua sponte* **DISMISSED**, pursuant to 28 U.S.C. § 1915(e)(2):

> (1) Plaintiff's Fourteenth Amendment due process claim against Defendant Goord;
>
> (2) Plaintiff's Eighth Amendment deliberate-indifference-to-medical-needs claim against Defendant Goord, and
>
> (3) Plaintiff's Fourteenth Amendment due process claim against Defendant Cole;

and it is further

**ORDERED** that, as a result of the foregoing, Plaintiff's Second Amended Complaint (Dkt. No. 61) is **DISMISSED** in its entirety; and it is further

**ORDERED** that Plaintiff's cross-motion to amend his Second Amended Complaint (Dkt. Nos. 76, 77) is **DENIED** as moot and/or without merit; and it is further

**ORDERED** that the Clerk's Office shall issue a Judgment for Defendants, and close the file in this action.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a)(3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: March 25, 2010
        Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge